IN THE UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

CHARLES MARTIN, :
 :
    Plaintiff : CIVIL NO. 3:CV-18-805
 :
v. :
 : (Judge Conaboy)
 :
SCI-HUNTINGDON, ET AL., :
 :
    Defendants :

## MEMORANDUM
### Background

Charles Martin initiated this pro se civil rights action pursuant to 42 U.S.C. § 1983 regarding his prior confinement at the State Correctional Institution, Huntingdon, Pennsylvania (SCI-Huntingdon). Accompanying the Complaint is a request for leave to proceed in forma pauperis. See Doc. 5. For the reasons that follow, Plaintiff's action will be dismissed without prejudice.

Named as Defendants are SCI-Huntingdon and its Superintendent Tabb Bickell; the Pennsylvania Board of Probation and Parole (Parole Board) and its Assistant Counsel Jason Lambrino.

According to the Complaint, prison officials and the Parole Board disobeyed the sentencing court's January 8, 2013 amended sentencing order to provide him with sentence credit. However, it is noted here is no discernible claim that Martin was incarcerated beyond his release date. Rather, Plaintiff contends that he should

1

not have been subject to parole supervision from September 21, 2015 to December 13, 2015 following his release from prison.

Specifically, Plaintiff asserts that he was improperly placed on parole supervision following his September 21, 2015 release date when he should have fully completed his sentence. As relief, Plaintiff seeks an award of compensatory damages for emotional distress caused by having to serve an unauthorized period of parole.

## Discussion

When considering a complaint accompanied by a motion to proceed in forma pauperis, a district court may rule that process should not issue if the complaint is malicious, presents an indisputably meritless legal theory, or is predicated on clearly baseless factual contentions. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989), Douris v. Middleton Township, 293 Fed. Appx. 130, 132 (3d Cir. 2008). Indisputably meritless legal theories are those "in which either it is readily apparent that the plaintiff's complaint lacks an arguable basis in law or that the defendants are clearly entitled to immunity from suit ... ." Roman v. Jeffes, 904 F.2d 192, 194 (3d Cir. 1990) (quoting Sultenfuss v. Snow, 894 F.2d 1277, 1278 (11th Cir. 1990)).

The United States Court of Appeals for the Third Circuit has added that "the plain meaning of 'frivolous' authorizes the dismissal of in forma pauperis claims that . . . are of little or

no weight, value, or importance, not worthy of serious consideration, or trivial." Deutsch v. United States, 67 F.3d 1080, 1083 (3d Cir. 1995). It also has been determined that "the frivolousness determination is a discretionary one," and trial courts "are in the best position" to determine when an indigent litigant's complaint is appropriate for summary dismissal. Denton v. Hernandez, 504 U.S. 25, 33 (1992).

**SCI-Huntingdon**

Courts have repeatedly recognized that a prison or correctional facility is not a person for purposes of civil rights liability. See Fischer v. Cahill, 474 F.2d 991, 992 (3d Cir. 1973); Philogene v. Adams County Prison, Civ. No. 97-0043, slip op. at p. 4 (M.D. Pa. Jan. 30, 1997) (Rambo, C.J.); Sponsler v. Berks County Prison, Civ. A. 95-1136, 1995 WL 92370, at *1 (E.D. Pa. Feb. 28, 1995). Pursuant to the above standards, SCI-Huntingdon is clearly not a person and therefore not subject to civil rights liability. See Thompkins v. Doe, No. 99-3941, slip op. at 3 (3d Cir. March 16, 2000).

It is also noted that there is also no claim by Plaintiff that his constitutional rights were violated as the result of any policy, custom or practice of SCI-Huntingdon. See Monell v. Department of Social Servs., 436 U.S. 658, 690-91 (1978). Rather, Plaintiff's action asserts that he was subjected to an illegal sentence computation by the Parole Board. Pursuant to the above

3

discussion, Defendant SCI-Huntingdon is entitled to entry of dismissal.

**Superintendent Bickell**

A plaintiff, in order to state a viable civil rights claim, must plead two essential elements: (1) that the conduct complained of was committed by a person acting under color of law, and (2) that said conduct deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States. Groman v. Township of Manalapan, 47 F.3d 628, 638 (3d Cir. 1995); Shaw by Strain v. Strackhouse, 920 F.2d 1135, 1141-42 (3d Cir. 1990).

Furthermore, federal civil rights claims brought under § 1983 cannot be premised on a theory of respondeat superior. Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988). Rather, each named defendant must be shown, via the complaint's allegations, to have been personally involved in the events or occurrences which underlie a claim. See Rizzo v. Goode, 423 U.S. 362 (1976); Hampton v. Holmesburg Prison Officials, 546 F.2d 1077 (3d Cir. 1976). As explained in Rode:

> A defendant in a civil rights action must have personal involvement in the alleged wrongs. . . . [P]ersonal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence. Allegations of participation or actual knowledge and acquiescence, however, must be made with appropriate particularity.

Rode, 845 F.2d at 1207.

4

Inmates also do not have a constitutional right to a prison grievance system. See Jones v. North Carolina Prisoners Labor Union, 433 U.S. 119, 137-138 (1977); Speight v. Sims, No. 08-2038, 2008 WL 2600723 at *1 (3d. Cir. Jun 30, 2008)(citing Massey v. Helman, 259 F.3d 641, 647 (7th Cir. 2001)("[T]he existence of a prison grievance procedure confers no liberty interest on a prisoner."). Consequently, any attempt by Plaintiff to establish liability against a defendant solely based upon the substance or lack of response to his institutional administrative appeal does not by itself support a constitutional due process claim. See also Alexander v. Gennarini, 144 Fed. Appx. 924, 925 (3d Cir. 2005)(involvement in post-incident review process not a basis for § 1983 liability); Pryor-El v. Kelly, 892 F. Supp. 261, 275 (D. D.C. 1995) (because prison grievance procedure does not confer any substantive constitutional rights upon prison inmates, the prison officials' failure to comply with administrative review procedure is not actionable).

In the present case there are no factual assertions set forth against Superintendent Bickell in the Complaint. As such, it appears that Complaint is attempting to establish liability against Bickell on the basis of either his supervisory capacity at the prison or due to Plaintiff's failure to receive a favorable response to an institutional complaint/grievance. Based upon an application of the above well settled standards, any such claims

5

against Superintendent Bickell are subject to dismissal. Since the Complaint fails to properly allege personal involvement in any constitutional misconduct against Superintendent Bickell, he is likewise entitled to entry of dismissal.

**Parole Board**

The United States Supreme Court has ruled that a § 1983 action brought against a "State and its Board of Corrections is barred by the Eleventh Amendment unless [the State] has consented to the filing of such a suit." Alabama v. Pugh, 438 U.S. 781, 782 (1978). The Court of Appeals for the Third Circuit has likewise concluded that the Pennsylvania Board of Probation and Parole could not be sued because "it is not a 'person' within the meaning of Section 1983." Thompson v. Burke, 556 F.2d 231, 232 (3d Cir. 1977).

In Will v. Michigan Dep't of State Police, 491 U.S. 58 (1989), the Supreme Court established that the State and arms of the State, which have traditionally enjoyed Eleventh Amendment immunity" are not subject to civil rights liability in federal court. Howlett v. Rose, 496 U.S. 356, 365 (1990). After Will, the Third Circuit Court of Appeals directed that in determining whether a state agency is entitled to Eleventh Amendment immunity, a federal court should consider: whether the state would be responsible for the payment of any judgment rendered against the agency; the source of the agency's funding; and the degree of autonomy enjoyed by the agency, as well as other similar factors. Bolden v. Southeastern

Pennsylvania Transp. Auth., 953 F.2d 807, 818 (3d Cir. 1991).

Payment of any judgment rendered against the Parole Board, a Pennsylvania state agency, would have to be paid out of the Pennsylvania state treasury. Furthermore, the Parole Board receives all of its funding from the state and does not enjoy any measure of autonomy. Therefore, it is clear under Pugh, Will, and Bolden that the Parole Board is not a "person" for the purpose of § 1983 and, therefore, not a properly named defendant. Accordingly, to the extent that the Complaint is attempting to pursue a damage claim against the Parole Board, any such claim is subject to dismissal as it is not a properly named Defendant in this matter.

**Assistant Counsel Lambrino**

It is alleged that Lambrino miscalculated the Plaintiff's sentence and failed to follow the instruction of the sentencing court. As a result, Plaintiff claims that he was improperly required to serve a period of parole superision following his release from prison.

In Heck v. Humphrey, 512 U.S. 477 (1994), the Supreme Court ruled that a constitutional cause of action for damages does not accrue "for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whole unlawfulness would render a conviction or sentence invalid," until the plaintiff proves that the "conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal

7

authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." Id. at 486-87.

Based on the nature of Martin's allegations, a finding in his favor would imply the invalidity of the period of parole supervision imposed in Martin's case. Pursuant to the standards developed in Heck, any request by Plaintiff for monetary damages with respect to the legality of his sentence calculation is premature because Martin cannot maintain such a cause of action until his underlying sentence calculation is rendered invalid. Thus, if Plaintiff is able to successfully challenge the computation of his sentence under Heck, he may then reassert a claim for damages in a properly filed civil rights complaint.

The Complaint does not indicate that the Plaintiff is seeking injunctive relief, i.e., a sentence recalculation. However, to the extent that Martin may wish to seek such relief, it is noted that inmates may not use civil rights actions to challenge the fact or duration of their confinement or to seek earlier or speedier release. Preiser v. Rodriguez, 411 U.S. 475 (1975). The United States Court of Appeals for the Third Circuit has similarly recognized that civil rights claims seeking release from confinement sounded in habeas corpus. See Georgevich v. Strauss, 772 F.2d 1078, 1086 (3d Cir. 1985).

In Edwards v. Balisok, 520 U.S. 641, 646 (1997), the United

States Supreme Court concluded that a civil rights claim for declaratory relief "based on allegations ... that necessarily imply the invalidity of the punishment imposed, is not cognizable" in a civil rights action. Id. at 646. Pursuant to the standards announced in Georgevich and Edwards, any claim by Plaintiff seeking a sentence recalculation is not properly raised in a civil rights complaint.

**Conclusion**

Since Martin's Complaint is "based on an indisputably meritless legal theory," his pending claims will be dismissed, without prejudice, as legally frivolous. Wilson, 878 F.2d at 774. An appropriate Order will enter.[1]

RICHARD P. CONABOY
United States District Judge

DATED: OCTOBER 7, 2018

---

[1] It is noted that the deficiencies outlined herein cannot be cured through submission of an amended complaint.

9